**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,**
Plaintiff—Appellee,

v.

**Randolph S. MOORE, Defendant—Appellant,**

and

**RBC Dain Rauscher, Inc., Defendant.**

No. 04–15678.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2006.

Filed Feb. 24, 2006.

Timothy S. Cole, Esq., Michael J. Fortunato, Rubin & Associates, Paoli, PA, Fran-

cis J. Burke, Jr., Esq., Steptoe & Johnson, LLP, Phoenix, AZ, for Plaintiff–Appellee.

Armand Salese, Esq., Law Offices of Armand Salese, PLLC, Tucson, AZ, for Defendant–Appellant.

Before: SILVERMAN, GRABER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Randolph Moore appeals the district court's order denying his motion to vacate an arbitration award and granting Merrill Lynch's motion to confirm the arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9, 10. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We reject Moore's contention that this case did not satisfy the amount in controversy requirement for federal diversity subject matter jurisdiction because the arbitration panel awarded Merrill Lynch exactly $75,000. *See* 28 U.S.C. § 1332. As this court held in *Theis Research, Inc. v. Brown & Bain,* decided after the present case was concluded in district court, "[T]he amount at stake in the underlying litigation, not the amount of the arbitration award, is the amount in controversy for the purposes for diversity jurisdiction." 400 F.3d 659, 662 (9th Cir.2005). The arbitration award granted $75,000 to Merrill Lynch as well as denied various counterclaims, including Moore's claim for $2,000,000 in compensatory damages. Because the amount in controversy of the "underlying litigation" exceeded $75,000 and all other requirements for diversity

jurisdiction were satisfied, the district court's exercise of federal jurisdiction was proper.

■ We also reject Moore's argument that Merrill Lynch "waived diversity" between itself and Moore by filing its initial complaint in Arizona · Superior Court. Moore provides no authority for this proposition. Furthermore, the FAA establishes a cause of action for confirming an arbitration award that is independent of any motion to compel arbitration. *See* 9 U.S.C. § 9. Merrill Lynch was free to file its motion to confirm in federal court. We also reject Moore's contention that complete diversity did not exist. The district court found that Dain Rauscher is a Minnesota corporation with its principal place of business in Minneapolis, a finding that Moore does not contest. The district court did not improperly allow Merrill Lynch to remove the case. As mentioned, under the FAA, a motion to confirm an arbitration award is independent of any earlier proceeding to compel arbitration. Furthermore, because Merrill Lynch was the plaintiff, it could not have removed the case.

The district court did not abuse its discretion by refraining to engage in *Colorado River* abstention. *See Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The district court properly held that federal court was not an inconvenient forum for the parties to litigate, exercise of federal jurisdiction would not result in piecemeal litigation, and the present dispute did not otherwise satisfy the narrow requirements of *Colorado River* abstention.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

On the merits, the district court properly granted Merrill Lynch's motion to confirm the arbitration award and denied Moore's motion to vacate. Moore argues that the arbitration panel prevented him from conducting discovery regarding Merrill Lynch's national hiring practices that was essential for establishing its violation of Arizona racketeering laws. However, the arbitration panel issued subpeonas to witnesses both within and outside of Arizona who were involved in Merrill Lynch's Arizona hiring practices. As the district could held, the arbitration panel afforded Moore with adequate opportunities to present his theories and evidence. Under the applicable standard of review, Moore has not demonstrated that the arbitration award was "'completely irrational'" or "'constitutes manifest disregard of the law.'" *See Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir.2004) (*quoting Coutee v. Barington Capital Group*, 336 F.3d 1128, 1132–33 (9th Cir.2003)). Because we affirm the district court's alternate ruling that Moore's motion to vacate fails on the merits, we need not address the issue of whether Moore's motion to vacate was timely under the FAA.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.