EDITH H. JONES, Circuit Judge:
This is an interlocutory appeal of the district court’s order denying Appellants’ Fed. R. Civ. Pro. 12(b)(1) motion to dismiss, for lack of subject matter jurisdiction, Appellee’s motion to confirm an arbitration award. Adopting the better reasoned approach to the amount in controversy under these circumstances, we AFFIRM the district court’s order and hold that the monetary amount sought in the underlying arbitration is the amount in controversy for purposes of diversity jurisdiction.
I.
Appellants are investors who suffered financial losses as a result of R. Allen Stanford’s Ponzi scheme. In their arbitration complaint, seeking $80 million in damages, Appellants alleged that Appellee (“Pershing”), a clearing broker for Stanford Group Company, failed to disclose adverse financial information. After a two week hearing, a Financial Industry Regulatory Authority (“FINRA”) panel rejected Appellants’ claims, but it awarded them $10;000 in compensation for certain arbitration-related expenses. On November 7, 2014, Pershing filed, pursuant to Section 9 of the Federal Arbitration Act (“FAA”), 9 U.S.C. § 1, et seq., a motion to confirm the arbitration award.
Because the arbitration award fell below the amount in controversy for federal jurisdiction, 28 U.S.C. § 1332(a), Appellants sought' dismissal.[1] On April 22, 2015, the district court denied Appellants’ motion, holding that the $75,000 amount in controversy requirement was met. Pershing LLC v. Kiebach, 101 F.Supp.3d 568 (E.D.La.2015). The district court noted, however, that federal courts have disagreed about the proper standard for .determining the amount in controversy in the context of confirming an arbitration award below $75,000, and proceeded to certify the issue for interlocutory appeal pursuant to 28. U.S.C. § 1292(b). ■ This court granted leave to file an interlocutory appeal, and Appellants timely appealed.
II.
This court applies a de novo standard of review and uses the same standard as the district court when reviewing a 12(b)(1) motion to dismiss. LeClerc v. Webb, 419 F.3d 405, 413 (5th Cir.2005). Issues of subject matter jurisdiction are questions of law reviewed de novo. Am. Rice, Inc. v. Producers Rice Mill, Inc., 518 F.3d 321, 327 (5th Cir.2008). “It is to be presumed that a cause lies outside [a federal court’s] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.” Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (internal citations omitted).
*182 III.
This court granted an interlocutory-appeal to decide whether the amount in controversy for establishing diversity jurisdiction over- a petition to confirm an arbitration award is the amount awarded by the arbitration panel or the amount previously sought in the arbitration proceeding.[2]
Courts that have confronted this issue generally follow one of' two approaches—the award approach or the demand approach. Karsner v. Lothian, 532 F.3d 876, 882 (D.C.Cir.2008). “[U]nder the award approach, the amount in controversy is- determined by the amount of the underlying arbitration award regardless of the amount sought.” Id.; Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1472 (11th Cir.1997); Ford v. Hamilton Invs., Inc., 29 F.3d 255, 260 (6th Cir.1994). In contrast, “[under] the demand approach, the amount in controversy is the amount sought in the underlying arbitration rather than the amount awarded.”[3] Id.; Bull HN Info Sys., Inc. v. Hutson, 229 F.3d 321, 329 (1st Cir.2000); Am. Guar. Co. v. Caldwell, 72 F.2d 209, 211 (9th Cir.1934),
In its order denying Appellants’ motion to dismiss, the district court concluded that the demand approach was the correct one: “[e]ach approach has strengths and weaknesses, and the issue is one that will be resolved by the Fifth Circuit. However, having considered ... [the cited authority] the Court finds that the demand approach is more appropriate.” Pershing, 101 F.Supp.3d at 573.
We agree. Based on Appellants’ arbitration demand of $80 million, the district court correctly concluded that the $75,000 amount in controversy requirement was met. First, the demand approach recognizes the true scope of the controversy between the parties. The only logical assumption about Appellants’ efforts to prevent confirmation of this arbitration award is that they want a second chance to pursue their claims. The $10,000 award “is but the last stage of litigation” that began with an $80 million controversy. Pershing, 101 F.Supp.3d at 573. Therefore, the amount at stake is the $80 million that Appellants initially sought’ in arbitration, not the minimal award for arbitration-related costs.[4]
Second, the demand approach avoids the application of two conflicting jurisdictional tests for the same controversy. The federal district court has diversity jurisdiction over a motion to compel arbitration based on the amount demanded in the petition. Webb v. Investacorp, Inc., 89 F.3d 252, 256 (5th Cir.1996). Under the award - approach, however, the federal court would lack jurisdiction over a later petition-to confirm or vacate the arbitra *183 tion award in the same case if the award falls below the jurisdictional threshold. See Karsner, at 883-84. “The. award approach would promote needless litigation and'gamesmanship” because “litigants may file potentially frivolous, or unnecessary motions to compel arbitration in order to preserve their right to a federal forum for review of the eventual award.” Pershing, 101 F.Supp.3d at 574. This they could do by, filing a motion to compel arbitration and, once it is granted, by seeking a stay of further court proceedings pending motions to confirm or vacate the final award. Conversely, under the demand approach, purely tactical and meritless litigation will likely be avoided. In these ways, the demand approach effectively acknowledges “the close connection between arbitration and subsequent enforcement proceedings” and helps “to carry out the federal policies in favor of arbitration.” Bull HN Info. Sys., 229 F.3d at 329; see also Smith v. Tele-Town Hall, LLC, 798 F.Supp.2d 748, 755 (E.D.Va.2011) (recognizing “Congress’s careful tailoring of the relationship between district courts, and arbitration panels.”).
Third, the demand approach allows “the district court to exercise jurisdiction .coextensive with the diversity jurisdiction that would have otherwise been present if the case, had been litigated rather than arbitrated,” Id. at 884 (internal quotation marks and citation omitted); see also Luong v. Circuit City Stores, Inc., 356 F.3d 1188, 1197-98 (9th Cir.2004) (Kozin-ski, J., dissenting), opinion withdrawn, 368 F.3d 1113 (9th Cir.2004).[5] In essence, the amount in controversy is measured the same way in federal court for litigation and for matters submitted on petitions to compel arbitration: the plaintiffs pleading, not the ultimate result in the case, governs jurisdiction.
For these reasons, we conclude that “the award approach has the least appeal,” while “the demand approach is soundest because, it avoids anomalous and unwarranted inconsistencies in a federal court’s jurisdiction.” Karsner, 532 F.3d at 883; Tele-Town Hall, LLC, 798 F.Supp.2d at 753, Accordingly, we AFFIRM the district court’s order.[6]

. Appellants also filed a motion to vacate the arbitrator's award in New York federal court, before voluntarily dismissing that action and ■filing a similar motion to vacate in Louisiana state court. That case was later removed to the Middle District of Louisiana, Where it has been stayed pending the resolution of the present matter.

.“Although the FAA .constitutes federal law, ‘the Supreme Court has interpreted the statute as not itself bestowing jurisdiction on the federal district courts.' " Karsner v. Lothian, 532 F.3d 876, 882 (D.C.Cir.2008) (quoting Kasap v. Folger Nolan Fleming & Douglas, Inc., 166 F.3d 1243, 1245-46 (D.C.Cir.1999)); see also Southland Corp. v. Keating, 465 U.S. 1, 16 n. 9, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984) (the FAA "creates federal substantive law requiring the parties to honor arbitration agreements, [but] ... does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976) or otherwise.”).

. There-is a third approach, known.,as .the “remand approach,” which has been held to apply if the petition includes a request to remand and reopen the arbitration proceeding. Id. That is not the case here.

. See Pershing’s motion to confirm arbitration at ¶ 9 ("In their claims, Defendants sought to recover as damages their losses in the R. Allen Stanford Ponzi scheme in the amount of $80,000,000.”).

. "The absurdity of the [award approach] can be demonstrated by considering the following example: X claims Y owes him $100,000 in a contract dispute.. The case is ordered to arbitration, and the arbitrator comes up with an award'of $80,000. X claims he was entitled to more and petitions to have the award vacated. Under the [award] approach, the district court would have jurisdiction. But if the arbitrator happens to award only $30,000 — or nothing at all — because of the same claimed legal error, the district court would lack jurisdiction. There is no principled distinction between the two cases; if the petitioner prevails in either case, the award will be vacated and petitioner will be back in arbitration seeking his full $100,000. I can see no logic at all in letting the very award that is the fruit of the claimed error govern the amount in controversy.” , ,

. The concurrence advocates using a case-by-case approach, as opposed to adopting a general approach (i.e., the demand approach) to determine • the jurisdictional amount, The concurrence relies on Theis Research, Inc. v. Brown & Bain, 400 F.3d 659 (9th Cir.2005), and interprets the case’s revised opinion as one that adopts a fact-specific analysis and rejects the demand approach adopted in the original opinion. Interestingly, the concurrence’s narrow interpretation of Theis, which neither party proposes in this case, clashes with a more recent Ninth Circuit opinion. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Moore, 171 Fed.Appx. 545, 546 (9th Cir.2006) (quoting Theis, 400 F.3d at 662) (" ‘[T]he amount at stake in the underlying litigation, not the amount of the arbitration award, is the amount of controversy for the purposes of diversity jurisdiction____’ ”).