# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10300

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2016

Lyle W. Cayce
Clerk

GRUPO MEXICO SAB DE CV,

Movant - Appellee

v.

SAS ASSET RECOVERY, LIMITED,

Interested Party – Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before JONES and SMITH, Circuit Judges and FITZWATER,* District Judge.
EDITH H. JONES, Circuit Judge:

Multiple challenges to a document production order and motion to compel issued under 28 U.S.C. § 1782 are raised in this appeal by SAS Asset Recovery, Ltd. ("SAS"), a Cayman Islands chartered company that has an office in Dallas, Texas. Some of the issues might have been difficult to resolve, but SAS, by its failure to raise the issues in a timely fashion, has waived them. For the reasons stated below, we **AFFIRM.**

---

* District Judge of the Northern District of Texas, sitting by designation.

No. 15-10300

## I.     BACKGROUND

There is no need to report the background of the case in detail.  The Appellee Grupo Mexico is closely connected to litigation pending in Mexico and sought discovery from SAS and Highland Capital Management, L.P., in Dallas pursuant to § 1782.[1]  Highland Capital and SAS apparently share office space and have overlapping officials and personnel.  This Judiciary Act provision authorizes federal district courts to cooperate with foreign and international tribunals by ordering (1) a person who resides or is found in the district to (2) give testimony or produce documents for use in a foreign court proceeding, where (3) the request is made by an interested person.  28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 246-47, 124 S. Ct. 2466, 2472-73 (2004).  Significantly, unless the court orders otherwise, the testimony or documents shall be produced in accord with the Federal Rules of Civil Procedure.  28 U.S.C. § 1782(a).  Grupo Mexico satisfied the federal magistrate judge in Dallas that its production request met these criteria.

Following the court's approval of discovery in October 2014, Grupo Mexico served a subpoena on Highland Capital on October 24, and Highland promptly moved to quash the subpoena on several grounds.  SAS, however, avoided and evaded numerous attempts at service in Dallas and New York City, prompting Grupo Mexico finally to accomplish service on its registered agent in the Cayman Islands pursuant to § 10(c) of the Hague Service Convention.  Grupo Mexico moved to compel production by both parties. The court held a hearing in January 2015, at which SAS, having never before formally appeared in the proceedings, purported to make a "special

---

[1] To be precise, the Mexican suit is between Infund and Larrea, chairman of the board of Grupo Mexico, over an alleged breach of a contract to sell 65 million shares in Grupo Mexico.

2

appearance" to challenge the court's "personal jurisdiction" over it. SAS argued vigorously that service of the subpoena on its registered agent was improper and failed to comply with Cayman Islands law, which requires a court order in some circumstances. The court granted Highland's motion to quash because Highland was not shown to possess or control the documents sought by the subpoena.[2] The court, however, granted the motion to compel against SAS and rejected SAS's objection on two grounds: SAS had been properly served in the Cayman Islands and had also waived any objections by failing to respond timely to the subpoena.

SAS filed a special appearance re-emphasizing its objection to "personal jurisdiction" and seeking reconsideration of the magistrate judge's rulings before the district court. Fed. R. Civ. P. 72(a). SAS did not challenge the magistrate judge's findings that the three prerequisites to a § 1782 discovery order had been met. SAS specifically did not disagree that it "resides or is found in" the Northern District of Texas. In an order meticulously tracking § 1782 and Fed. R. Civ. P. 45, which governs subpoena procedures in the absence of a contrary court order under § 1782, the district court upheld the motion to compel. *In re: Ex Parte Application of Grupo Mexico SAB de CV for an Order to Obtain Discovery for Use in a Foreign Proceeding*, No. 3:14-MC-0073-G (N.D. Tex. Mar. 10, 2015). The court found that SAS failed to object timely to the subpoena, both as to the manner of service and personal jurisdiction. *Id.* at 9. Further, SAS's bad faith conduct in evading service

---

[2] Grupo Mexico has not challenged the order to quash the Highland Capital subpoena. Grupo Mexico has, however, filed another document request in the district court under § 1782 following the commencement of a criminal inquiry involving these matters.

militated against the court's discretionary consideration of its untimely objections. *Id.* at 9-10.  SAS has appealed to this court.[3]

## II.     DISCUSSION

Questions concerning the district court's subject matter jurisdiction are reviewed *de novo*.  *Arena v. Graybar Elec. Co.,* 669 F.3d 214, 218-19 (5th Cir.2012).  The district court's discovery decisions are reviewed for abuse of discretion and are reversible only if arbitrary or clearly unreasonable and the appellant demonstrates prejudice resulting from the decision.  *Moore v. Ford Motor Co.,* 755 F.3d 802, 808 (5th Cir. 2014).

In this court, SAS does not challenge the magistrate judge's finding that it resides in or is found in the Northern District of Texas.  It does not challenge that its officer evaded repeated attempts at service of the subpoena in the United States.  It does not repeat the argument that the district court lacked "personal jurisdiction" over it because of the manner in which service was effected in the Cayman Islands.  (After all, it is well established that untimely objections to personal jurisdiction can be waived.  *See* Fed. R. Civ. P. 45(d)(2)(B), (3)(A); *Anwalt Energy Holdings, LLC v. Falor Cos., Inc.*, No. 2:06-CV-0955, 2008 WL 2268316, at *1-2 (S.D. Ohio June 2, 2008) (concluding that the subpoenaed nonparty waived the defense of lack of personal jurisdiction by failing to file a timely objection)).

Instead, SAS now asserts, the district court lacked "subject matter jurisdiction" altogether because "Congress has not enacted any statute or rule that gave the District Court the jurisdiction to issue a Rule 45 subpoena for service on SAS, a Cayman Islands citizen, in the Cayman Islands or the

---

[3] This court has appellate jurisdiction pursuant to established authority.  *See Republic of Kazakhstan v. Biedermann Int'l,* 168 F.3d 880 (5th Cir. 1999); *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 552 (5th Cir. 2012).

jurisdiction to enforce the subpoena against SAS after SAS failed to respond." This new argument, founded in the court's lack of jurisdiction, could not be waived by SAS's failure to raise it in the trial court.

Good try, SAS, but this is an untenable re-characterization of objections previously made and waived or overruled.

First, the trial court unquestionably had authority, whether or not characterized technically as "jurisdiction," to rule on the facially proper § 1782 application before it. *Republic of Ecuador v. Connor,* 708 F.3d 651, 655 (5th Cir. 2013). The court also found that the three criteria for a § 1782 order were satisfied. That the consequence of its discovery order was ultimately service of a subpoena pursuant to the Hague Service Convention did not deprive the court of authority. Aside from crying "void, void," SAS's brief cites no case law supporting its proposition that the court was required to dismiss for "lack of jurisdiction" under the following circumstances. SAS, the subject of the discovery order, indisputably "resides or is found in" the district, sharing office space, telephone numbers, duplicate personnel and officers with another party to the same discovery request. The company is thus well aware of the proceedings and the discovery request, yet has deliberately and repeatedly evaded subpoena service in the U.S. Finally, a facially valid subpoena has been served on SAS through its registered agent in its country of incorporation by delivery in accordance with an international treaty. The availability of a motion to quash to protect a party that "resides or is found in the district" is no different, nor more onerous, for SAS than for any similarly situated target of a § 1782 order. In sum, the issues raised by the method of service as well as the scope and enforceability of the discovery order furnished ample grounds for a timely motion to quash, but they did not cast doubt on the district court's "jurisdiction."

No. 15-10300

Second, SAS failed to file objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served," nor did it move to quash until the day of the hearing on the motion to compel before the magistrate judge. Fed. R. Civ. P. 45(d)(2)(B), (3)(A). Nearly forty days elapsed between the service of the subpoena and Grupo Mexico's motion to compel, yet SAS sat on its hands. The district court did not abuse its discretion by holding that the untimely filing, which objected to the manner of service in the Cayman Islands and the absence of a court order from a Cayman Islands court, waived SAS's personal jurisdiction defense.[4]

In so concluding, we are mindful that interesting issues might have been considered, some of which have not been raised by SAS but are suggested by the circumstances here and other case law. For instance, was it necessary to subpoena documents from SAS in the United States, when Infund, a party to the Mexican litigation, presumably knew as well as SAS or Highland the terms and impact of litigation financing arrangements among all three entities? What is the proper relationship between the Hague Service Convention and local Cayman Islands court jurisdiction? Was the Hague Service Convention correctly employed for purposes of subpoena service abroad, albeit on a party who "resides or is found in" the district, under § 1782? Does § 1782 ever authorize federal district courts to order discovery from outside the United States in order to assist parties in litigation pending in foreign tribunals? *See* Hans Smit, *American Assistance to Litigation in Foreign and International Tribunals: Section 1728 of Title 28 of the U.S.C. Revisited*, 25 Syracuse J. Int'l

---

[4] Grupo Mexico seems to concede that "the issue of enforcement [of the Cayman Islands subpoena] is not ripe for adjudication on appeal because the district court has not attempted to enforce the subpoena in the Cayman Islands, but has simply affirmed the magistrate's interlocutory order granting Grupo Mexico's motion to compel documents from a party in its district."

L. & Com. 1 (1998) (explaining difficulties if the provision were interpreted to compel the production of documents from abroad); *see generally Kestrel Coal Pty. Ltd., v. Joy Global, Inc.*, 362 F.3d 401, 404-06 (7th Cir. 2004) (not reaching but noting issues surrounding § 1782 because the documents were unnecessary in foreign litigation); *Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1080 (9th Cir. 2002); *In re Application of Sarrio, S.A.*, 119 F.3d 143, 146-48 (2d Cir. 1997) (noting issues, but bank withdrew its objection to production in favor of voluntary compliance).

We decline to address these issues simply because SAS resides in or is found in the district and had, but squandered, abundant opportunities to raise the issues seasonably in the trial court. We perceive no fundamental unfairness, no interference with foreign tribunals in either Mexico or Cayman Islands, and no procedural violation inflicted on SAS by this holding. Accordingly, the order of the district court affirming the magistrate judge's grant of the motion to compel document production is **AFFIRMED**.