# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 15-10341

————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2016

Lyle W. Cayce
Clerk

NETSPHERE, INCORPORATED; ET AL

      Plaintiffs


QUANTEC L.L.C.; NOVO POINT, L.L.C.,

      Movants - Appellants

v.

GARDERE WYNNE SEWELL, L.L.P; PETER S. VOGEL; DYKEMA GOSSETT, P.L.L.C.; MUNSCH, HARDT, KOPF & HARR PC,

      Appellees

DANIEL J. SHERMAN

      Trustee - Appellee


————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-988

————————————

No. 15-10341

Before DAVIS, JONES, and GRAVES, Circuit Judges.

EDITH H. JONES, Circuit Judge: *

In this appeal, Quantec LLC and Novo Point, LLC challenge the district court's award of fees in an invalid receivership. We have appellate jurisdiction and having considered the parties' briefs and pertinent portions of the record, we AFFIRM.

## BACKGROUND

In 2006, Netsphere, Inc. sued Jeffrey Baron over an internet business venture. That lawsuit settled in April 2009. In May 2009, Netsphere sued Baron in the Northern District of Texas alleging a breach of the settlement agreement.

That case became "a nightmare. What should have been a simple contract dispute . . . morphed into a four-year train-wreck involving numerous attorneys, millions of dollars in legal fees, thousands of docket entries, and massive frustrations for all parties, for [the district court], for the [b]ankruptcy [c]ourt, and for the Fifth Circuit." *Netsphere, Inc. v. Baron*, No. 3:09-cv-0988, 2013 WL 3327858, at *1 (N.D. Tex. May 29, 2013) (internal quotation marks omitted).

To bring Baron's vexatious litigation conduct to heel, the district court imposed a receivership on Baron and his assets. Among those assets were the appellants here: Quantec LLC and Novo Point, LLC.[1]

Baron and Quantec successfully challenged the receivership on appeal to this court. *See Netsphere, Inc. v. Baron* (*Netsphere I*), 703 F.3d 296, 301–02

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Because those two companies filed a single set of briefs, are represented by the same counsel, and have the same interests in this appeal, we will refer to them both as "Quantec."

2

No. 15-10341

(5th Cir. 2012). This court held that the district court exceeded its authority in imposing the receivership. *Id.* at 311. We ordered the district court to dissolve the receivership expeditiously, but stopped short of immediately releasing all of the assets under receivership. *Id.* at 313–14.

*Netsphere I* also considered who should pay for the receivership. The court recognized that the receivership was imposed as a result of Baron's own vexatious conduct. *Id.* at 313. As a result, this court ordered that the receivership assets be charged for "reasonable receivership expenses." *Id.* at 313. We remanded with instructions to wind up the receivership and pay the fees and expenses. *Id.* at 315.

On remand, the district court entered an order in May 2013 awarding new fees and adjusting fees already paid in an attempt to comply with this court's order. However, the process of winding up the receivership was dragged out almost two more years after Baron was pushed into an involuntary bankruptcy.

During the pendency of winding up the receivership, Quantec and Baron challenged the district court's May 2013 fee order on appeal. *See Netsphere, Inc. v. Baron*, 799 F.3d 327 (*Netsphere II*) (5th Cir. 2015). This court held that the order was not a collateral order or independently appealable under 28 U.S.C. § 1292(a)(2) and dismissed for lack of appellate jurisdiction. *Id.* at 329.

In March 2015, the district court entered another thorough order discharging the receiver and awarding additional fees to the receiver, his attorneys, and his employees. This fee award covered the period from May 2013 until the receiver's discharge. As the case stands now, the receiver and the receiver's law firms have been paid everything the district court ordered. These payments zeroed out the receivership accounts, which have been closed.

No. 15-10341

Quantec has now appealed the court's May 2013 and March 2015 fee orders as well as 26 orders (entered between April 2011 and January 2014) granting fee applications by the receiver, his attorneys, and his employees.[2]

Because there is still no final judgment in the underlying *Netsphere v. Baron* case, we begin with our jurisdiction to consider this appeal.

## 1. **Jurisdiction**

Appellate jurisdiction is an issue of law this court reviews de novo. *See Pershing, LLC v. Kiebach*, 819 F.3d 179, 181 (5th Cir. 2016). Jurisdiction is debatable in this case because there has been no final judgment or resolution in the underlying breach of contract case. Though the receivership has been fully wound up, the district court has been unable to move forward with the case between Netsphere and Baron because of a parallel bankruptcy proceeding involving a company controlled by Baron. While awaiting a resolution to the bankruptcy proceedings, the district court has administratively closed its case.

The parties have opposing views of jurisdiction based on this state of affairs. The receiver and his attorneys assert lack of appellate jurisdiction because this case is in the same stance as *Netsphere II*. Quantec contends that jurisdiction exists under the collateral order doctrine. We agree with Quantec.

Under the collateral order doctrine, this court may exercise appellate jurisdiction over a non-final order that "(1) conclusively determine[d] the disputed question, (2) resolve[d] an important issue completely separate from the merits of the action, and (3) [would] be effectively unreviewable on appeal from a final judgment." *Netsphere II*, 799 F.3d at 334–35 (quoting *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 171 (5th Cir. 2009)).

---

[2] The receiver, Peter Vogel, and his attorneys are the appellees in this case.

No. 15-10341

The fee awards in this case are not themselves "final orders." *Netsphere II*, 799 F.3d at 335–36. However, the first two prongs of the collateral order doctrine are satisfied. *See id.* at 335. The receivership fees were conclusively determined because the district court's March 2015 order discharged the receiver and disbursed the remainder of the receivership funds to him and his professionals. This order resolved an issue completely separate from the merits of Netsphere's underlying breach of contract action against Baron. Resolving the fees issue is important because millions of dollars hang in the balance.

At this point in the underlying case, we hold that the third prong is satisfied because the district court's receiver fee orders would be effectively unreviewable on appeal from a final judgment. As *Netsphere II* recognized, fee orders generally do not satisfy this third prong except in limited circumstances where such fees would be potentially unrecoverable on appeal. *Id.* at 335–36. Three factors push this case within that limited exception.

Most importantly, there is no telling when the underlying case will reach final decision. It has already been seven years since Netsphere sued Baron in the underlying action and over four years since this court ordered the end of the receivership. The related bankruptcy case is now seven years old and has almost 1300 entries on its docket. The order appealed from in this case is 16 months old. Baron has a proclivity for derailing otherwise orderly litigation. Second, the money has been fully disbursed. All the receivership attorneys and professionals have been paid and the receivership accounts have been zeroed out and closed. Third, the money has been spread around: At least 27 different entities received payment under the district court's fee orders. Continuing to put off this appeal runs a severe risk of rendering at least some of the fee awards unrecoverable.

5

No. 15-10341

Jurisdiction is supported by our precedent.  In *SEC v. Forex Asset Management LLC*, this court considered a district court's order approving the pro rata distribution of receivership assets before the underlying case went to judgment.  242 F.3d 325, 327–28 (5th Cir. 2001).  The court found jurisdiction under the collateral order doctrine.  *Id.* at 330–31.  On the third prong of the collateral order doctrine, this court said the distribution would be unreviewable on final judgment "because the assets from the receivership will be distributed, and likely unrecoverable, long before the action . . . is subject to appellate review." *Id.* at 330; *see also SEC v. Wealth Mgmt. LLC*, 628 F.3d 323, 330–31 (7th Cir. 2010) (citing *Forex* with approval and concluding there was collateral order jurisdiction on similar facts).  In *Forex*, it appears there were 42 claimants who would receive $1.15 million under the plan.  242 F.3d at 328 & n.3.  In this case, there are only a few less payees and a similarly large amount of money at stake.  In *Forex*, unlike here, the money does not appear to have been distributed.  *Id.* at 330 ("[T]he assets from the receivership *will* be distributed . . . .") (emphasis added).  The basis for collateral order jurisdiction is stronger than in *Forex*.

### 2.  Fee award challenges

Quantec levels a host of challenges to the fee awards, some of them constitutional, others challenging reasonableness of the fee awards, and some complaining of the court's subject-matter jurisdiction to award fees.  What these challenges have in common is that Quantec has waived them by not raising them in the district court.  *See Constitution State Ins. Co. v. Iso-Tex Inc.*, 61 F.3d 405, 410 (5th Cir. 1995).  Quantec filed no briefing or objection to fees with the district court between *Netsphere I*'s remand and the district court's May 2013 fee order.  Quantec filed no motion to reconsider following that order.  Baron objected in the district court, but his filings are in his name only, and Baron and Quantec are distinct entities.

6

No. 15-10341

Quantec did object to the March 2015 order. But Quantec's arguments largely dealt with computing the amount of cash on hand in the receivership—not the constitutional arguments it raises here. Quantec also did not challenge any specific fee award in this filing. Because we do not consider arguments not raised to the district court, these objections are also waived. *See id.*[3]

Quantec contends that it was prevented by the district court from lodging their fee award objections, but its record citation does not support this allegation. Further, Quantec, through their counsel in this appeal, filed numerous motions in the district court following the *Netsphere I* remand and did object to the March 2015 order. These facts belie the claim that Quantec was prevented from objecting to the fee orders.

Finally, Quantec's "jurisdictional" arguments are not jurisdictional at all. Quantec merely attempts to recast its merits arguments as jurisdictional to avoid the consequences of waiver. *See Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573, 575–76 (5th Cir. 2016). We have jurisdiction over this appeal. The district court had subject-matter jurisdiction over the breach of contract dispute under 28 U.S.C. § 1332. Quantec may think the district court used that jurisdiction to decide parts of this case erroneously, but that does not implicate subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510–15, 126 S. Ct. 1235, 1242–45 (2006). These "jurisdictional" contentions are just repackaged merits arguments and waived as well. *See Grupo Mexico*, 821 F.3d at 575–76.

---

[3] Quantec may have *arguably* preserved the issue whether fees could be charged against its assets in the receivership. However, this issue is squarely foreclosed by the law of the case doctrine. Quantec's assets were part of the receivership and *Netsphere I* ordered the district court to award fees *using the receivership assets*. We refuse to reconsider *Netsphere I*'s resolution of the receivership fees issue. *See Af-Cap Inc. v. Republic of Congo*, 383 F.3d 361, 367 (5th Cir. 2004).

No. 15-10341

For the foregoing reasons, the orders of the district court are **AFFIRMED.**