# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10556

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2017

Lyle W. Cayce
Clerk

JEFFREY BARON; QUANTEC, L.L.C.; NOVOPOINT, L.L.C.,

      Plaintiffs - Appellants

v.

PETER S. VOGEL; GARDERE WYNNE SEWELL, L.L.P.,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-232

Before STEWART, Chief Judge, and KING and DENNIS, Circuit Judges.

PER CURIAM:*

    After Plaintiff-Appellant Jeffrey Baron's joint venture with a third party failed, litigation ensued.[1]  Pursuant to that litigation, the district court appointed Peter Vogel as receiver over Baron and his various businesses.  The underlying litigation and receivership having ended, Baron now brings a host

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [1] The factual background of this case is more fully set out in cases previously before this court.  *See Netsphere, Inc. v. Gardere Wynne Sewell, LLP* (*Netsphere III*), 657 F. App'x 320 (5th Cir. 2016); *Netsphere, Inc. v. Baron* (*Netsphere II*), 799 F.3d 327 (5th Cir. 2015); *Netsphere, Inc. v. Baron* (*Netsphere I*), 703 F.3d 296 (5th Cir. 2012).

No. 16-10556

of allegations against Vogel and Gardere Wynne Sewell, L.L.P. ("Gardere"), all stemming from Vogel's duties as a court-appointed receiver over Baron and his assets and Gardere's conduct in acting as Vogel's counsel. The district court granted Defendants-Appellees' motion to dismiss, finding Vogel and Gardere immune from suit. Baron now appeals.

## I.

Baron asserts that the allegations in his complaint are sufficient to overcome any judicial immunity to which Vogel and Gardere might be entitled. Baron further alleges that even if Vogel and Gardere are entitled to immunity for their conduct *during* the receivership, he makes other claims stemming from Vogel's conduct *prior* to its establishment that form the basis of a claim upon which the district court can grant relief. Finally, Baron contends the *Barton* doctrine does not apply to this case. *See Barton v. Barbour*, 104 U.S. 126 (1881).

Vogel and Gardere counter, arguing that they are entitled to judicial immunity. As for any pre-receivership allegations, they argue that collateral estoppel bars Baron's claims, as the *Netsphere I* court already considered these arguments and found them without merit. 703 F.3d at 313. Finally, Vogel and Gardere argue that Baron failed to comply with the *Barton* doctrine's requirements when he filed the instant case without the federal district court's leave. *See Barton*, 104 U.S. 126.

## II.

This court reviews a district court's grant of summary judgment de novo. *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (citing *Garcia v. LumaCorp, Inc.*, 429 F.3d 549, 553 (5th Cir. 2005)). After considering the parties' arguments as briefed on appeal and reviewing the record, the

No. 16-10556

applicable law, and the district court's well-reasoned opinion, we AFFIRM the district court's judgment and adopt its analysis in full.