# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2024

Lyle W. Cayce
Clerk

———————

No. 23-11026

———————

Ascension Data & Analytics, L.L.C.; Rocktop Partners, L.L.C.; Rocktop Holdings, II, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

Pairprep, Incorporated, *doing business as* OpticsML,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-552

———————————————————

Before Smith, Wiener, and Douglas, *Circuit Judges*.
Jacques L. Wiener, Jr., *Circuit Judge*:

Plaintiffs-Appellants Ascension Data & Analytics, L.L.C., Rocktop Partners, L.L.C., and Rocktop Holdings II, L.L.C. (collectively, "Ascension") appeal the district court's dismissal of their application to vacate an arbitral award made under Section 10 of the Federal Arbitration Act ("FAA"), for want of jurisdiction. Finding no error, we AFFIRM.

No. 23-11026

## I. Background

This appeal arises from a contractual dispute between Ascension and Defendant-Appellee Pairprep, Inc. ("Pairprep"). Under the parties' contract, Pairprep was obligated to provide data extraction services to Ascension. However, that contract was terminated because of an alleged data breach involving Pairprep's servers and Pairprep's "failure to extract reliable data." Ascension subsequently contracted with another vendor, Altada Technologies Solutions, Ltd. ("Altada"), for data extraction services, but that contract "was terminated early after Altada suffered a crippling financial crisis."

Ascension then initiated arbitration proceedings against Pairprep in Dallas, pursuant to the parties' contract, in an attempt to recover "the remediation costs incurred as a result of [Pairprep's] data breach." Thereafter, Pairprep brought an action[1] against Ascension, Rocktop Partners, LLC, and their affiliates, in the Eastern District of Texas, in which Pairprep asserted claims for, inter alia, breach of contract and violation of the federal Defend Trade Secrets Act ("DTSA"). The district court referred that action to the Ascension arbitration, where Pairprep "asserted counterclaims in the Arbitration with nearly verbatim allegations and essentially the same claims" as those asserted in the complaint previously filed in the Eastern District of Texas. However, Pairprep attempted to name Altada and its domestic subsidiary, Altada U.S., Inc., (together, "Altada") as additional counter-respondents in the arbitration, alleging that Ascension and Altada "operated as a joint enterprise." But, "[d]espite naming Altada as a party to the Arbitration, Pairprep never effectuated service on Altada in

---

[1] *Pairprep, Inc. d/b/a OpticsML v. Ascension Data & Analytics, LLC*, No. 2:21-CV-00057-JRG (E.D. Tex.).

No. 23-11026

the Arbitration proceeding."[2] Instead, Pairprep brought another action[3] in the Eastern District of Texas, this time against Altada, "asserting nearly verbatim the same claims based on the same allegations in the Arbitration." Pairprep and Altada settled that litigation, and the district court dismissed Pairprep's claims against Altada with prejudice. During the arbitration proceedings, Ascension learned of the dismissal of Pairprep's claims against Altada and asserted a res judicata defense to Pairprep's DTSA and breach of contract claims. The arbitration panel ultimately rejected Ascension's defenses to Pairprep's counterclaims, "including res judicata, and granted Pairprep a monetary award."

Consequently, Ascension filed an application under the FAA to vacate the arbitration award in the Northern District of Texas, arguing that "Pairprep's [counter]claims are barred by *res judicata* arising from its dismissal with prejudice of identical claims brought against Altada in federal court based on the same common nucleus of operative facts."[4] Shortly thereafter, Pairprep filed an application to confirm the arbitral award in Texas state court in Dallas County. On October 31, 2023, the state court confirmed the award and entered judgment in favor of Pairprep. In the federal proceeding, Ascension filed a motion for a preliminary injunction of the state court proceeding pursuant to the Relitigation Exception of the Anti-Injunction Act, while Pairprep argued that Ascension's application should be dismissed for lack of subject matter jurisdiction. The district court agreed

---

[2] Altada, as a non-signatory to the arbitration agreement, refused to consent to arbitration.

[3] *Pairprep, Inc. d/b/a OpticsML v. Altada Tech. Sols., Ltd.*, No. 2:22-CV-00251-JRG (E.D. Tex.).

[4] In addition to the application to vacate, Ascension also sought a declaratory judgment pronouncing Pairprep's counterclaims to be "barred by *res judicata*." Ascension, however, has abandoned its action for a declaratory judgment on appeal.

that it lacked subject matter jurisdiction, dismissed Ascension's application without prejudice, and denied its motion for preliminary injunctive relief as moot. Ascension timely appealed. In a pending post-briefing motion to dismiss the appeal as moot, Pairprep contends that we should dismiss the appeal because a Texas state court has already confirmed the arbitral award at issue.[5]

## II. Discussion

This court reviews a dismissal for lack of subject matter jurisdiction de novo. *Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 181 (5th Cir. 2016).

The central issue on appeal concerns a district court's subject matter jurisdiction to consider applications to confirm, modify, or vacate arbitral awards under the FAA. The FAA "authorizes a party to an arbitration agreement to seek several kinds of assistance from a federal court." *Badgerow v. Walters*, 596 U.S. 1, 4 (2022). "[U]nder Sections 9 and 10 [of the FAA], a party may apply to the court to confirm, or alternatively to vacate, an arbitral award." *Id.* But, although the FAA permits a party to apply to a district court for this type of relief, "the federal courts . . . may or may not have jurisdiction to decide such a request." *Id.* This is because the FAA's "authorization of a petition does not itself create jurisdiction. Rather, the federal court must have . . . an 'independent jurisdictional basis' to resolve the matter." *Id.* (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). Accordingly, "an applicant seeking, for example, to vacate an arbitral award under Section 10 [of the FAA] must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum.'" *Id.* at 8

---

[5] One additional motion remains pending: (1) Pairprep's motion for the court to take judicial notice of the state court filings relevant to its application to confirm the arbitral award. We GRANT Pairprep's motion for judicial notice.

(quoting *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009)). If the applicant "cannot, the action belongs in state court." *Id.* Indeed, "state courts have a prominent role to play as enforcers of agreements to arbitrate." *Vaden*, 556 U.S. at 59; *see also Badgerow*, 596 U.S. at 18 ("'[E]nforcement of the Act,' we have understood, 'is left in large part to the state courts.'" (alteration in original) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983))).

The question becomes what may a district court look to in establishing an independent basis for its jurisdiction over an application to modify, confirm, or vacate an arbitral award under Sections 8, 9, or 10 of the FAA. Prior to the Supreme Court's recent decision in *Badgerow v. Walters*, we permitted district courts to "look through" the application to the underlying arbitration proceeding to establish jurisdiction. *See Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 843 (5th Cir. 2020), *rev'd*, *Badgerow*, 596 U.S. at 6–7. That changed after *Badgerow*, which concluded that the "look through" approach does not apply to applications to modify, confirm, or vacate arbitral awards. 596 U.S. at 5-6. Instead, "a court may look only to the application *actually submitted to it* in assessing its jurisdiction." *Id.* (emphasis added).[6] As the *Badgerow* Court explained:

> If [the vacatur application] shows that the contending parties are citizens of different States (with over $75,000 in dispute), then §1332(a) gives the court diversity jurisdiction. Or if it alleges that federal law (beyond Section 9 or 10 itself) entitles the applicant to relief, then § 1331 gives the court federal-question jurisdiction.

---

[6] This was the view of the dissent in *Quezada*. *See* 946 F.3d at 845–47 (Ho, J., dissenting).

*Id.* at 9. Applying this standard to the vacatur application at issue, the Supreme Court in *Badgerow* concluded that the district court lacked subject matter jurisdiction, notwithstanding the existence of "a federal-law claim satisfying § 1331" in the underlying arbitration. *Id.* This is because, to establish jurisdiction based on the federal-law claim, the district court "had to proceed downward to Badgerow's employment action." *Id.* Stated differently, it could find an independent basis for jurisdiction only by looking through the vacatur application.

Here, Ascension asks us to engage in the exact analysis precluded by *Badgerow*, viz., to find that the district court had subject matter jurisdiction based on (1) Pairprep's DTSA counterclaims asserted in the arbitration proceeding, and (2) Ascension's defense of res judicata. Ascension neither asserts that the parties are diverse nor persuasively suggests "that federal law . . . entitles [it] to relief."[7] *Id.* Thus, a straightforward application of *Badgerow* compels the conclusion that the district court lacked subject matter jurisdiction over the vacatur application and was correct in granting Pairprep's motion to dismiss. This conclusion holds notwithstanding Ascension's contention that Pairprep's DTSA counterclaims were originally asserted in federal court, and that its defense to those counterclaims in the arbitration was based on the purportedly preclusive effect of a separate federal judgment (Pairprep's settled federal action against Altada). The Court in *Badgerow* explained it best:

---

[7] The closest that Ascension gets is its contention that the district court had independent jurisdiction to determine the preclusive effect of a federal judgment. But Ascension's argument is unpersuasive because it is no more than an attempt to relitigate a res judicata defense that was first raised—and rejected—during the arbitration proceeding. Necessarily, the district court would have had to look through the application to vacate to the res judicata defense in the underlying arbitration to establish its jurisdiction on this basis. It correctly declined to do so. *See Badgerow*, 596 U.S. at 9.

> Recall that the two are now contesting *not* the legality of Badgerow's firing but the *enforceability* of an arbitral award. That award is no more than a contractual resolution of the parties' dispute—a way of settling legal claims. And quarrels about legal settlements—*even settlements of federal claims*—typically involve only state law, like disagreements about other contracts. So the District Court here, as Walters recognizes, had to go beyond the face of the Section 9 and 10 applications to find a basis for jurisdiction. It had to proceed downward to Badgerow's employment action, where a federal-law claim satisfying § 1331 indeed exists. In other words, the court had to look through the Section 9 and 10 applications to the underlying substantive dispute, although that dispute was not before it.

*Id.* (emphasis added) (internal citations omitted). Similarly, on the procedural posture here, neither Pairprep's DTSA counterclaims nor Ascension's res judicata defense to those counterclaims was before the district court. The only dispute properly before the district court was the enforceability of the arbitral award. Because the parties concede that they are not diverse, and because Ascension offers no other federal law entitling it to the relief that it seeks—vacatur of the award—the enforceability of the arbitral award must be litigated in state court. *See id.*; *see also Quezada*, 946 F.3d at 846 (Ho, J., dissenting) ("Like arbitration agreements, settlement agreements are matters of contract, designed to resolve disputes outside of the courtroom. The enforcement of settlements is ordinarily a matter for state courts, not federal courts—even when a settlement happens to resolve federal questions.").[8]

---

[8] Ascension's invocation of our unpublished decision in *Rodgers v. United Services Automotive Association*, No. 21-50606, 2022 WL 2610234, at *5 (5th Cir. July 8, 2022), does not undermine our conclusion. There, the issue of the district court's jurisdiction to consider the parties' competing vacatur and confirmation applications was not in dispute. Instead, the issue on appeal was whether the district court substantively erred in confirming the award, which involved employment claims based on federal law. This distinction is

No. 23-11026

Finally, Ascension suggests that the All Writs Act, as well as the Re-litigation Exception to the Anti-Injunction Act, provided the district court with subject matter jurisdiction over its vacatur application. However, "[t]he Anti-Injunction Act is not a jurisdictional statute, but goes only to the granting of a particular form of equitable relief." *In re Mooney Aircraft, Inc.*, 730 F.2d 367, 372–73 (5th Cir. 1984) (citation omitted)). Similarly, "the All Writs Act does not confer jurisdiction on the federal courts." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). Thus, the district court was again correct to dismiss the application to vacate for want of jurisdiction. And, because the vacatur application did not establish an independent justification for subject matter jurisdiction, there was no error in the district court's denial of Ascension's request to enjoin the parallel state court proceeding under the All Writs Act.

## III. Conclusion

Under *Badgerow*, when a party applies to a district court to confirm, modify, or vacate an arbitral award, it must establish on the face of the application a basis for subject matter jurisdiction separate and apart from the FAA. To accomplish this, it must be shown that (1) there is complete diversity among the parties and the amount in controversy exceeds $75,000, or (2) that "federal law . . . entitles the applicant to relief." *Badgerow*, 596 U.S. at 9. Here, Ascension seeks to relitigate issues underpinning an unfavorable arbitral award. Without an independent basis for subject matter jurisdiction, it cannot do so in federal court.

AFFIRMED.[9]

---

especially apparent when considering that our decision in *Rodgers* neither applied nor cited to the appropriate analysis established in *Badgerow*.

[9] Pairprep's motion to dismiss the appeal is thus DENIED AS MOOT.

8